# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

OCTAVIA MERTENS, ON BEHALF OF THEMSELF AND OTHERS SIMILARLY SITUATED; ANGELICA HERRERA, ON BEHALF OF THEMSELF AND OTHERS SIMILARLY SITUATED; BELEN CADENA, ON BEHALF OF THEMSELF AND OTHERS SIMILARLY SITUATED; KELLY SANCHEZ, ON BEHALF OF THEMSELF AND OTHERS SIMILARLY SITUATED; MAGGIE MONTES, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED; BREONA HORNE, ON BEHALF OF THEMSELVES AND OTHERS SIMILARLY SITUATED,

*Plaintiffs-Appellees*
*v.*

BENELUX CORPORATION, doing business as PALAZIO MEN'S CLUB, ANTHANASES STAMATOPOULOS, MICHAEL MEALEY,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Western District of Texas, Austin Division
Civil Action No. 1:24-cv-00276-RP
Hon. Robert Pitman, Presiding

## APPELLANTS' RECORD EXCERPTS

William X. King
Texas Bar No. 24072496
MCDOWELL HETHERINGTON LLP
1001 Fannin Street, Suite 2400
Houston, Texas 77002
Tel.: (713) 221-3840
Fax: (713) 337-8850
william.king@mhllp.com
**COUNSEL FOR APPELLANTS**

# **TABLE OF CONTENTS**

**TAB #**                                                                                                    **ROA**

1. Docket Sheet...........................................................................................................ROA.1-8

2. Notice of Appeal .................................................................................................ROA.272-274

3. Order Appealed....................................................................................................ROA.258-261

4. Magistrate Judge's Report & Recommendation ...................................................ROA.217-225

5. Arbitration Agreement..........................................................................................ROA.79-83

6. Certificate of Service

# TAB 1

# U.S. District Court [LIVE]
## Western District of Texas (Austin)
## CIVIL DOCKET FOR CASE #: 1:24-cv-00276-RP

Mertens et al v. Benelux Corporation et al
Assigned to: Judge Robert Pitman
 Case in other court:  USCA 5th, 24-50954
Cause: 29:201 Fair Labor Standards Act

Date Filed: 03/12/2024
Jury Demand: Plaintiff
Nature of Suit: 710 Labor: Fair Standards
Jurisdiction: Federal Question

**Plaintiff**

**Octavia Mertens**
*on behalf of themself and others similarly
situated*

represented by **Austin Harris Kaplan**
Kaplan Law Firm, PLLC
2901 Bee Cave Rd., Suite G
78746
Austin, TX 78746
512-553-9390
Fax: 512-692-2788
Email: akaplan@kaplanlawatx.com
*ATTORNEY TO BE NOTICED*

**Caitlin Boehne**
Kaplan Law Firm
3901 S Lamar Blvd
Ste 260
Austin, TX 78704
505-433-7427
Email: cboehne@kaplanlawatx.com
*ATTORNEY TO BE NOTICED*

**Ryan Odell Estes**
Kaplan Law Firm PLLC
Ste. 202
2901 Bee Cave Rd., Suite G
Austin, TX 78746
512-814-7348
Email: restes@kaplanlawatx.com
*ATTORNEY TO BE NOTICED*

**Tanner Michelle Scheef**
Kaplan Law Firm
2901 Bee Cave Rd, Suite G
Austin, TX 78746
(512) 553-9390
Fax: (512) 692-2788
*ATTORNEY TO BE NOTICED*

**Trenton Nicholas Lacy**
Kaplan Law Firm, PLLC
2901 Bee Caves Rd.

Austin, TX 78746
512-943-2761
Email: tlacy@kaplanlawatx.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Angelica Herrera**
*on behalf of themself and others similarly situated*

represented by **Austin Harris Kaplan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Caitlin Boehne**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ryan Odell Estes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tanner Michelle Scheef**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Trenton Nicholas Lacy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Belen Cadena**
*on behalf of themself and others similarly situated*

represented by **Austin Harris Kaplan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Caitlin Boehne**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ryan Odell Estes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tanner Michelle Scheef**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Trenton Nicholas Lacy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Kelly Sanchez**
*on behalf of themself and others similarly situated*

represented by **Austin Harris Kaplan**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Caitlin Boehne**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ryan Odell Estes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tanner Michelle Scheef**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Trenton Nicholas Lacy**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

| **Maggie Montes** | represented by | **Austin Harris Kaplan** |
| *on behalf of themselves and others similarly situated* | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**Caitlin Boehne**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ryan Odell Estes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tanner Michelle Scheef**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

| **Breona Horne** | represented by | **Austin Harris Kaplan** |
| *on behalf of themselves and others similarly situated* | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**Caitlin Boehne**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ryan Odell Estes**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tanner Michelle Scheef**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Benelux Corporation**
*doing business as*
Palazio Men's Club

represented by **William X. King**
McDowell Hetherington LLP
1001 Fannin Street
Suite 2400
Houston, TX 77002
713-221-3840
Fax: 713-337-8850
Email: william.king@mhllp.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Anthanases Stamatopoulos**

represented by **William X. King**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Michael Mealey**

represented by **William X. King**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/12/2024 | 1 (p.9) | COMPLAINT ( Filing fee $ 405 receipt number ATXWDC-18522197). No Summons requested at this time, filed by Kelly Sanchez, Octavia Mertens, Belen Cadena, Angelica Herrera. (Attachments: # 1 (p.9) Exhibit, # 2 (p.31) Exhibit, # 3 (p.37) Exhibit, # 4 (p.43) Exhibit, # 5 (p.48) Civil Cover Sheet)(Boehne, Caitlin) (Entered: 03/12/2024) |
| 03/12/2024 | | Case assigned to Judge Robert Pitman. CM WILL NOW REFLECT THE JUDGE INITIALS AS PART OF THE CASE NUMBER. PLEASE APPEND THESE JUDGE INITIALS TO THE CASE NUMBER ON EACH DOCUMENT THAT YOU FILE IN THIS CASE. (kp) (Entered: 03/14/2024) |
| 03/12/2024 | | If ordered by the court, all referrals and consents in this case will be assigned to Magistrate Judge Susan Hightower. (kp) (Entered: 03/14/2024) |
| 03/12/2024 | | DEMAND for Trial by Jury by Belen Cadena, Angelica Herrera, Octavia Mertens, Kelly Sanchez. (kp) (Entered: 03/14/2024) |
| 03/14/2024 | 2 (p.31) | REQUEST FOR ISSUANCE OF SUMMONS by Belen Cadena, Angelica Herrera, Octavia Mertens, Kelly Sanchez. (Boehne, Caitlin) (Entered: 03/14/2024) |
| 03/14/2024 | 3 (p.37) | Summons Issued as to Benelux Corporation, Michael Mealey, Anthanases Stamatopoulos. (kp) (Entered: 03/14/2024) |

| Date | Doc | Description |
|---|---|---|
| 04/05/2024 | 4 (p.43) | Unopposed MOTION for Extension of Time to File Answer *or Other Responsive Pleading* by Benelux Corporation. (Attachments: # 1 (p.9) Proposed Order)(King, William) (Entered: 04/05/2024) |
| 04/08/2024 | | Text Order GRANTING 4 (p.43) Motion for Extension of Time to Answer entered by Judge Robert Pitman. IT IS ORDERED that Defendants shall answer or otherwise respond to Plaintiffs' complaint on or before April 23, 2024. (This is a text-only entry generated by the court. There is no document associated with this entry.) (tclc) (Entered: 04/08/2024) |
| 04/08/2024 | | Reset Answer Deadline: Benelux Corporation, Michael Mealey and Anthanases Stamatopoulos answer due 4/23/2024. (cc3) (Entered: 04/12/2024) |
| 04/22/2024 | 5 (p.48) | Joint MOTION *to Approve Stipulation for Extension of Time to File Answer or Other Responsive Pleading* by Benelux Corporation, Anthanases Stamatopoulos. (Attachments: # 1 (p.9) Exhibit A, # 2 (p.31) Proposed Order)(King, William) (Entered: 04/22/2024) |
| 04/23/2024 | | Text Order GRANTING 5 (p.48) Motion entered by Judge Robert Pitman. IT IS ORDERED that Defendants shall answer or otherwise respond to Plaintiffs' complaint on or before April 30, 2024. (This is a text-only entry generated by the court. There is no document associated with this entry.) (tclc) (Entered: 04/23/2024) |
| 04/23/2024 | | Reset Deadlines: Benelux Corporation answer due 4/30/2024; Michael Mealey answer due 4/30/2024; Anthanases Stamatopoulos answer due 4/30/2024. (dm) (Entered: 04/23/2024) |
| 04/30/2024 | 6 (p.56) | Opposed MOTION to Dismiss *in Favor of Arbitration Under Rule 12(b)(3)* by Benelux Corporation, Michael Mealey, Anthanases Stamatopoulos. (Attachments: # 1 (p.9) Affidavit Declaration of M. Mealey, # 2 (p.31) Exhibit A (Cadena), # 3 (p.37) Exhibit B (Herrera), # 4 (p.43) Exhibit C (Mertens), # 5 (p.48) Exhibit D (Sanchez), # 6 (p.56) Proposed Order)(King, William) (Entered: 04/30/2024) |
| 05/13/2024 | 7 (p.101) | Joint MOTION for Extension of Time to File Response/Reply as to 6 (p.56) Opposed MOTION to Dismiss *in Favor of Arbitration Under Rule 12(b)(3)* by Belen Cadena, Angelica Herrera, Octavia Mertens, Kelly Sanchez. (Attachments: # 1 (p.9) Proposed Order)(Estes, Ryan) (Entered: 05/13/2024) |
| 05/14/2024 | | Text Order GRANTING 7 (p.101) Motion for Extension of Time to File Response entered by Judge Robert Pitman. IT IS ORDERED that Plaintiffs shall file their response to Defendants' motion to dismiss on or before May 21, 2024. IT IS FURTHER ORDERED that Defendants shall file their reply, if any, on or before May 28, 2024. (This is a text-only entry generated by the court. There is no document associated with this entry.) (tclc) (Entered: 05/14/2024) |
| 05/15/2024 | 8 (p.105) | NOTICE *of Filing of Consent to Join FLSA Collective Action* by Belen Cadena, Angelica Herrera, Octavia Mertens, Kelly Sanchez (Attachments: # 1 (p.9) Exhibit Ex. 1, # 2 (p.31) Exhibit Ex. 2)(Estes, Ryan) (Entered: 05/15/2024) |

| | | |
|---|---|---|
| 05/21/2024 | 9 (p.112) | Response in Opposition to Motion, filed by Belen Cadena, Angelica Herrera, Octavia Mertens, Kelly Sanchez, re 6 (p.56) Opposed MOTION to Dismiss *in Favor of Arbitration Under Rule 12(b)(3)* filed by Defendant Benelux Corporation, Defendant Michael Mealey, Defendant Anthanases Stamatopoulos (Attachments: # 1 (p.9) Proposed Order, # 2 (p.31) Exhibit 1 - Graham v. Leisure Pools Report and Recommendation, # 3 (p.37) Exhibit 2 - Declaration of Belen Cadena)(Boehne, Caitlin) (Entered: 05/21/2024) |
| 05/28/2024 | 10 (p.140) | REPLY to Response to Motion, filed by Benelux Corporation, Michael Mealey, Anthanases Stamatopoulos, re 6 (p.56) Opposed MOTION to Dismiss *in Favor of Arbitration Under Rule 12(b)(3)* filed by Defendant Benelux Corporation, Defendant Michael Mealey, Defendant Anthanases Stamatopoulos (King, William) (Entered: 05/28/2024) |
| 05/29/2024 | | Text Order REFERRING 6 (p.56) Motion to Dismiss entered by Judge Robert Pitman. IT IS ORDERED that Defendants' motion to compel arbitration and dismiss is REFERRED to United States Magistrate Judge Susan Hightower for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. (This is a text-only entry generated by the court. There is no document associated with this entry.) (tclc) (Entered: 05/29/2024) |
| 05/29/2024 | | MOTION REFERRED: referred 6 (p.56) Opposed MOTION to Dismiss *in Favor of Arbitration Under Rule 12(b)(3)*. Referral Judge: Susan Hightower. (dm) (Entered: 05/29/2024) |
| 07/02/2024 | 11 (p.151) | Order for Proposed Scheduling Order. Proposed scheduling order due to the Court within sixty (60) days after the appearance of any defendant. Proposed Scheduling Order due by 7/19/2024. Signed by Judge Susan Hightower. (dm) (Entered: 07/03/2024) |
| 07/18/2024 | 12 (p.152) | NOTICE *of Filing of Consent to Join FLSA Collective Action* by Belen Cadena, Angelica Herrera, Octavia Mertens, Kelly Sanchez (Attachments: # 1 (p.9) Exhibit 1)(Estes, Ryan) (Entered: 07/18/2024) |
| 07/18/2024 | 13 (p.158) | Opposed MOTION for Leave to File Plaintiffs' First Amended Complaint by Belen Cadena, Angelica Herrera, Octavia Mertens, Kelly Sanchez. (Attachments: # 1 (p.9) Exhibit 1)(Estes, Ryan) (Entered: 07/18/2024) |
| 07/19/2024 | 14 (p.179) | Proposed Scheduling Order by Belen Cadena, Angelica Herrera, Octavia Mertens, Kelly Sanchez. (Lacy, Trenton) (Entered: 07/19/2024) |
| 08/01/2024 | 15 (p.182) | NOTICE *re Non-Opposition to Motion for Leave* by Benelux Corporation, Michael Mealey, Anthanases Stamatopoulos re 13 (p.158) Opposed MOTION for Leave to File Plaintiffs' First Amended Complaint (King, William) (Entered: 08/01/2024) |
| 08/03/2024 | | Text Order GRANTING 13 (p.158) Motion for Leave to File entered by Judge Robert Pitman. In light of the notice of non-opposition, |

| | | |
|---|---|---|
| | | (Dkt. 15), IT IS ORDERED that the Clerk of the Court shall file Plaintiffs' first amended complaint, (Dkt. 13-1). (This is a text-only entry generated by the court. There is no document associated with this entry.) (tclc) (Entered: 08/03/2024) |
| 08/03/2024 | 16 (p.184) | FIRST AMENDED COMPLAINT against Benelux Corporation, Michael Mealey, Anthanases Stamatopoulos amending 1 (p.9) Complaint,., filed by Belen Cadena, Angelica Herrera, Octavia Mertens, Kelly Sanchez, Maggie Montes, Breona Horne.(pg) (Entered: 08/06/2024) |
| 08/19/2024 | 17 (p.201) | *Defendants' Original* ANSWER to 16 (p.184) Amended Complaint by Benelux Corporation, Michael Mealey, Anthanases Stamatopoulos.(King, William) (Entered: 08/19/2024) |
| 09/13/2024 | 18 (p.212) | NON-CONSENT to Trial by US Magistrate Judge by Belen Cadena, Angelica Herrera, Breona Horne, Octavia Mertens, Maggie Montes, Kelly Sanchez. (Boehne, Caitlin) (Entered: 09/13/2024) |
| 09/13/2024 | 19 (p.214) | ADR Report Filed - by Belen Cadena, Angelica Herrera, Breona Horne, Octavia Mertens, Maggie Montes, Kelly Sanchez(Estes, Ryan) (Entered: 09/13/2024) |
| 09/30/2024 | 20 (p.217) | REPORT AND RECOMMENDATION of the United States Magistrate Judge; this Magistrate Judge **RECOMMENDS** that the District Court **DENY** Defendants' 6 (p.56) Partially Opposed Motion to Compel Arbitration and Dismiss Under Rule 12(b)(3). **IT IS FURTHER ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman. Signed by Judge Susan Hightower. (cnr) (Entered: 09/30/2024) |
| 09/30/2024 | 21 (p.226) | Copy of 20 (p.217) R&R sent via certified mail and first-class mail to Tanner Michelle Scheef. (cnr) (cnr). (Entered: 09/30/2024) |
| 10/14/2024 | 22 (p.231) | OBJECTION to 20 (p.217) Report and Recommendations *re Denial of Mot. to Compel Arbitration [Doc. 6]* by Benelux Corporation, Michael Mealey, Anthanases Stamatopoulos.. (King, William) (Entered: 10/14/2024) |
| 10/28/2024 | 23 (p.245) | RESPONSE to 22 (p.231) Objection to Report and Recommendations by Belen Cadena, Angelica Herrera, Breona Horne, Octavia Mertens, Maggie Montes, Kelly Sanchez. (Boehne, Caitlin) (Entered: 10/28/2024) |
| 11/04/2024 | 24 (p.252) | Defendants' Reply in Support of Objections to Report & Recommendation of the United States Magistrate Judge by Benelux Corporation, Michael Mealey, Anthanases Stamatopoulos.. (King, William) Modified on 11/5/2024 to edit docket text (cnr). (Entered: 11/04/2024) |
| 11/06/2024 | 25 (p.258) | ORDER ADOPTING 20 (p.217) Report and Recommendations, Proposed Scheduling Order due by 11/20/2024, Status Report due by 2/6/2024,). Signed by Judge Robert Pitman. (dm) (Entered: 11/06/2024) |

| | | |
|---|---|---|
| 11/15/2024 | 26 (p.262) | NOTICE *Plaintiffs' Expert Designation* by Belen Cadena, Angelica Herrera, Breona Horne, Octavia Mertens, Maggie Montes, Kelly Sanchez (Boehne, Caitlin) (Entered: 11/15/2024) |
| 11/20/2024 | 27 (p.268) | Proposed Scheduling Order by Belen Cadena. (Boehne, Caitlin) (Entered: 11/20/2024) |
| 11/25/2024 | 28 (p.272) | Appeal of Order entered by District Judge 25 (p.258) by Benelux Corporation, Anthanases Stamatopoulos, Michael Mealey. ( Filing fee $ 605 receipt number ATXWDC-19511396) (King, William) (Entered: 11/25/2024) |
| 11/25/2024 | | NOTICE OF APPEAL following 28 (p.272) Notice of Appeal (E-Filed) by Benelux Corporation, Anthanases Stamatopoulos, Michael Mealey. Filing fee $ 605, receipt number ATXWDC-19511396. Per 5th Circuit rules, the appellant has 14 days, from the filing of the Notice of Appeal, to order the transcript. To order a transcript, the appellant should fill out a (Transcript Order) and follow the instructions set out on the form. This form is available in the Clerk's Office or by clicking the hyperlink above. (dm) (Entered: 11/25/2024) |
| 11/27/2024 | 29 (p.275) | Unopposed MOTION to Stay *Proceedings Re Cadena's Claims* by Benelux Corporation, Anthanases Stamatopoulos, Michael Mealey. (Attachments: # 1 (p.9) Proposed Order)(King, William) (Entered: 11/27/2024) |
| 12/02/2024 | | Text Order GRANTING 29 (p.275) Motion to Stay entered by Judge Robert Pitman. IT IS ORDERED that all aspects of the case involving Plaintiff Cadena's claims are STAYED pending the issuance of an opinion and mandate from the Fifth Circuit in Defendants' interlocutory appeal of this Court's Order, (Doc. 25), entered November 6, 2024. (This is a text-only entry generated by the court. There is no document associated with this entry.) (tclc) (Entered: 12/02/2024) |
| 12/02/2024 | | Case Stayed (dm) (Entered: 12/02/2024) |
| 12/02/2024 | 30 (p.282) | ORDER Setting Initial Pretrial Conference. Initial Pretrial Conference set for 12/16/2024 at 11:15 AM before Judge Susan Hightower. Signed by Judge Susan Hightower. (dm) (Entered: 12/02/2024) |
| 12/04/2024 | 31 (p.284) | TRANSCRIPT REQUEST by Benelux Corporation, Anthanases Stamatopoulos, Michael Mealey. (King, William) (Entered: 12/04/2024) |
| 12/13/2024 | 32 (p.285) | ORDER Cancelling Initial Pretrial Conference. Signed by Judge Susan Hightower. (dm) (Entered: 12/13/2024) |

# TAB 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| OCTAVIA MERTENS, ANGELICA HERRERA, BELEN CADENA, KELLY SANCHEZ, MAGGIE MONTES, and BREONA HORNE, on Behal of Themselves and Others Similarly Situated, | § § § § § § | |
| | § | |
| *Plaintiffs*, | § | CIVIL ACTION NO. 1:24-cv-00276-RP |
| | § | |
| v. | § | |
| | § | |
| BENELUX CORPORATION, d/b/a PALAZIO MEN'S CLUB, ANTHANASES STAMATOPOULOS, and MICHAEL MEALEY, | § § § § | |
| | § | |
| *Defendants.* | § | |

## <u>DEFENDANTS' NOTICE OF APPEAL</u>

Pursuant to Fed. R. App. P. 3 and 4, notice is hereby given that Defendants Benelux Corporation, d/b/a Palazio Men's Club, Anthanases Stamatopoulos, and Michael Mealey, appeal to the United States Court of Appeals for the Fifth Circuit from the Order entered November 6, 2024 (Doc. 25), overruling Defendants' Objections (Doc. 22) and adopting the Report and Recommendation of the United States Magistrate Judge (Doc. 20) to deny Defendants' Partially Opposed Motion to Compel Arbitration and Dismiss Under Rule 12(b)(3) (Doc. 6).

[signature block on next page]

24-50954.272

Respectfully submitted,

 /s/ *William X. King*
William X. King
McDowell Hetherington LLP
State Bar No. 24072496
1001 Fannin Street, Suite 2400
Houston, Texas 77002
Telephone: (713) 221-3840
Facsimile: (713) 337-8850
william.king@mhllp.com
**ATTORNEY FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document has been served on counsel of record in accordance with the Federal Rules of Civil Procedure via email and/or filing through the Court's ECF System on November 25, 2024.

Ryan Estes
Caitlin Boehne
Kaplan Law Firm
2901 Bee Cave Road, Suite G
Austin, Texas (512) 814-7348
restes@kaplanlawatx.com
cboehne@kaplanlawatx.com
**ATTORNEYS FOR PLAINTIFFS**

  */s/ William X. King*
William X. King

24-50954.274

# TAB 3

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| OCTAVIA MERTENS, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 1:24-CV-276-RP |
| | § | |
| BENELUX CORPORATION *d/b/a* | § | |
| PALAZIO MEN'S CLUB, et al., | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the Court is the report and recommendation of United States Magistrate Judge Susan Hightower concerning Defendants' partially opposed motion to compel arbitration, (Dkt. 6). (R. & R., Dkt. 20). Defendants timely filed objections, (Objs., Dkt. 22), Plaintiffs filed a response, (Dkt. 23), and Defendants filed a reply, (Dkt. 24). Having reviewed the report and recommendation, the parties' briefs, the record, and the relevant law, the Court issues the following order.

Plaintiffs Octavia Mertens, Angelica Herrera, Belen Cadena, Kelly Sanchez, Maggie Montes, and Breona Horne bring this class action suit under the Fair Labor Standards Act ("FLSA") against their employer, Benelux Corporation d/b/a Palazio Men's Club; Palazio's owner, Anthanases Stamatopoulos; and Palazio's General Manager, Michael Mealey ("Defendants"). On April 30, 2024, Defendants filed a partially opposed motion to compel certain Plaintiffs' claims—Mertens, Herrera, Cadena, and Sanchez—to arbitration. (Dkt. 6).[1] Mertens, Herrera, and Sanchez do not oppose submitting their claims to arbitration. (*Id.* at 1; Resp., Dkt. 9, at 2 n.1). However, Cadena opposes arbitration, arguing that there is no arbitration agreement to enforce between her and Defendants

---

[1] Plaintiffs Montes and Horne joined this case through the first amended complaint, (Dkt. 16), which was filed after Defendants' motion to compel arbitration. Defendants have not moved to compel Montes and Horne to arbitration. Therefore, their claims are unaffected by this order.

24-50954.258

because Defendants did not sign and execute the arbitration agreement. (Resp., Dkt. 9). On September 30, 2024, Judge Hightower issued her report and recommendation. (R. & R., Dkt. 20). Judge Hightower recommends that this Court deny Defendants' motion to compel arbitration because "Defendants have not shown that there was a valid and enforceable arbitration agreement between them and Cadena." (*Id.* at 8–9). On October 14, 2024, Defendants timely filed objections. (Dkt. 22).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because Defendants timely objected to the report and recommendation, the Court reviews the report and recommendation *de novo*.

Defendants have two main objections. First, Defendants object to Judge Hightower's recommendation to deny their motion to compel Mertens, Herrera, and Sanchez to arbitration because these three plaintiffs did not oppose Defendants' motion to compel. (Objs, Dkt. 22, at 3–4). However, the Court reads the magistrate judge's report and recommendation to recommend denying Defendants' motion to compel arbitration only as to Cadena, the only plaintiff to have opposed the motion. As such, the Court will grant Defendants' motion in part and compel Mertens, Herrera, and Sanchez to arbitration based on their representation that their claims are subject to arbitration, (*see* Resp., Dkt. 9, at 2 n.1), and the Court's independent finding that these three plaintiffs signed enforceable arbitration agreements with Defendants and their claims fall under these agreements, (*see* Dkts. 6-3, 6-4, 6-5).

In their motion, Defendants request that the Court dismiss these compelled claims without prejudice, or in the alternative, to stay these claims pending resolution of arbitration. (Mot., Dkt. 6, at 1). Plaintiffs respond by arguing that the Court should stay the claims which are submitted to

24-50954.259

arbitration. (Resp., Dkt. 9, at 9–10). The Federal Arbitration Act provides that a judge "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. The Supreme Court has recently held that this provision of the FAA requires a court to stay, rather than dismiss, a lawsuit involving an arbitrable dispute. *Smith v. Spizzirri*, 601 U.S. 478 (2024). Accordingly, the Court will stay Mertens, Herrera, and Sanchez's claims in this case pending arbitration.

Second, Defendants object to the magistrate judge's finding that Cadena should not be compelled to arbitration because there was no valid and enforceable arbitration agreement between Cadena and Defendants. (Objs., Dkt. 22, at 4–12). After reviewing the report and recommendation and Defendants' objections *de novo*, the Court agrees with the magistrate judge that the "Arbitration Agreement contains clear and express language that the parties must sign the agreement to give it effect." (R. & R., Dkt. 20, at 8). Because Defendants did not sign Cadena's arbitration agreement, there is no valid and enforceable arbitration agreement between them and Cadena. Accordingly, for the reasons given in the report and recommendation, the Court overrules Defendants' objections and adopts the report and recommendation as its own order.

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Susan Hightower, (Dkt. 20), is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendants' motion to compel arbitration, (Dkt. 6), is **GRANTED IN PART AND DENIED IN PART**. Mertens, Herrera, and Sanchez's claims are compelled to arbitration. Cadena's claims are not compelled to arbitration and will proceed in this action, alongside the claims of Montes and Horne.

**IT IS FURTHER ORDERED** that Mertens, Herrera, and Sanchez's claims are **STAYED** pending arbitration. The parties shall file quarterly status reports detailing the status of the

24-50954.260

arbitration proceedings, with the first report being due on or before **February 6, 2024**, and every **90 days** thereafter.

      **IT IS FINALLY ORDERED** that the parties consult the website for the United States District Court for the Western District of Texas (www.txwd.uscourts.gov), the "Judges' Info" tab, "Standing Orders," "Austin Division," and submit a joint proposed scheduling order using District Judge Robert Pitman's form on or before **November 20, 2024**.

      **SIGNED** on November 6, 2024.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

24-50954.261

# TAB 4

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **OCTAVIA MERTENS, ANGELICA** | § | |
| **HERRERA, BELEN CADENA, and** | § | |
| **KELLY SANCHEZ,** | § | |
| *Plaintiffs* | § | **Case No. 1:24-CV-00276-RP** |
| | § | |
| **v.** | § | |
| | § | |
| **BENELUX CORPORATION d/b/a** | § | |
| **PALAZIO MEN'S CLUB,** | § | |
| **ANTHANASES STAMATOPOULOS,** | § | |
| **and MICHAEL MEALEY,** | § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:  THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court are Defendants' Partially Opposed Motion to Compel Arbitration and Dismiss under Rule 12(b)(3), filed April 30, 2024 (Dkt. 6); Plaintiffs' Response, filed May 21, 2024 (Dkt. 9); and Defendants' Reply, filed May 28, 2024 (Dkt. 10).[1]

## I.    Background

Plaintiffs Octavia Mertens, Angelica Herrera, Belen Cadena, and Kelly Sanchez bring this class action suit under the Fair Labor Standards Act ("FLSA") against their employer, Benelux Corporation d/b/a Palazio Men's Club; Palazio's owner, Anthanases Stamatopoulos; and Palazio's General Manager, Michael Mealey. In their First Amended Complaint, Plaintiffs assert claims for minimum wage violations and misappropriation of tips under the FLSA and for fraudulent filing

---

[1] By Text Order issued May 29, 2024, the District Court referred the motion to this Magistrate Judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

24-50954.217

of tax returns under 26 U.S.C. § 7434(a). Dkt. 16. They also seek an order designating Plaintiffs as class representatives of other similarly situated wait staff at Palazio under Rule 23.

Plaintiffs allege that they are employed as wait staff at Palazio, a strip club in Austin, Texas. Dkt. 16 at 1. Their job duties include selling "VIP cabanas"[2] to customers, taking drink orders, encouraging customers to buy dances, and handling credit card transactions. *Id.* ¶¶ 34, 36. Plaintiffs earn an hourly wage of $2.13 and receive tips from customers. They allege that Defendants have required Plaintiffs and other wait staff to share their tips with managers for years, but in the months before Plaintiffs filed their Complaint, "Defendants have permitted the managers to take the vast majority of tips earned by Plaintiffs and all other wait staff." *Id.* at 1. Plaintiffs also allege that Defendants illegally deducted various costs from their pay and did not track the tip-out payments they are required to make to managers, bartenders, and bar staff at the end of each shift. Plaintiffs allege that, "as a result, Plaintiffs were taxed on income they did not actually receive." *Id.* ¶ 46. Plaintiffs also allege that Defendants failed to maintain accurate records of their hours of work and compensation, as required by the FLSA, and that Defendants promulgated false W-2 and 1099 tax forms overreporting Plaintiffs' income to the IRS.

In their Motion to Compel Arbitration and Dismiss Under Rule 12(b)(3), Defendants argue that Plaintiffs must be compelled to arbitration under agreements executed when they were hired in February and March 2020. Plaintiffs Mertens, Herrera, and Sanchez do not oppose submitting their claims to arbitration. But Plaintiff Cadena opposes arbitration because Defendants did not sign and execute her arbitration agreement.

---

[2] "VIP cabanas" are private rooms that customers can pay to reserve for a period of time.

24-50954.218

## II.    Legal Standards

The Federal Arbitration Act ("FAA") provides that written agreements to arbitrate controversies arising out of an existing contract "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Section 4 of the FAA allows a party to an arbitration agreement to "petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." *Id.* § 4. The FAA "does not require parties to arbitrate when they have not agreed to do so," but "simply requires courts to enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms." *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior Univ.*, 489 U.S. 468, 478 (1989).

To determine whether a party is entitled to enforce an arbitration agreement, courts follow a two-step inquiry, determining whether (1) there is a valid agreement to arbitrate, and (2) the dispute falls within the scope of that agreement. *Kubala v. Supreme Prod. Svcs., Inc.*, 830 F.3d 199, 201 (5th Cir. 2016). Because Cadena does not dispute that the claims Plaintiffs assert in the First Amended Complaint fall within the scope of the arbitration agreement, the Court's inquiry is limited to the first question.

The party seeking to compel arbitration has the burden to show that a valid arbitration agreement exists. *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 530 (5th Cir. 2019). Whether a valid agreement to arbitrate exists is governed by ordinary state-law contract principles. *Klein v. Nabors Drilling USA L.P.*, 710 F.3d 234, 236 (5th Cir. 2013). "Because arbitration is simply a matter of contract between the parties, the strong federal policy favoring arbitration does not apply to the initial determination of whether there is a valid agreement to arbitrate." *Id.* (cleaned up). If there is no arbitration agreement between the parties, the court must deny the motion to compel arbitration with prejudice. *Halliburton*, 921 F.3d at 531-32.

24-50954.219

### III.    Analysis

Defendants argue that Cadena must be compelled to arbitration because she signed an arbitration agreement on February 27, 2020, which requires her to arbitrate all non-administrative claims arising out of her employment. Dkt. 6-2 ("Arbitration Agreement"). Plaintiffs argue that Cadena cannot be compelled to arbitration because Defendants did not sign and execute the Arbitration Agreement, so there is no arbitration agreement to enforce. Defendants contend that they did not need to countersign Cadena's Arbitration Agreement to make it enforceable.

As stated, the Court looks to state law to determine whether the Arbitration Agreement is enforceable. *Huckaba v. Ref-Chem, L.P.*, 892 F.3d 686, 688 (5th Cir. 2018) ("Determining whether there is a valid arbitration agreement is a question of state contract law and is for the Court."). The parties agree that Texas law applies.

> Texas has no presumption in favor of arbitration when determining whether a valid arbitration agreement exists. Instead, the party moving to compel arbitration must show that the agreement meets all the requisite contract elements. In addition, because the validity of the agreement is a matter of contract, at this stage, the strong federal policy favoring arbitration does not apply.

*Id.* at 688-89 (citations omitted).

Under Texas law, a binding contract requires: "(1) an offer; (2) an acceptance in strict compliance with the terms of the offer; (3) a meeting of the minds; (4) each party's consent to the terms; and (5) execution and delivery of the contract with intent that it be mutual and binding." *Id.* at 689. The parties dispute the last element.

The question whether a written contract must be signed to be binding "is a question of the parties' intent." *Id.* Generally, signatures are not required "as long as the parties give their consent to the terms of the contract, and there is no evidence of an intent to require both signatures as a condition precedent to it becoming effective as a contract." *Id.* (citation omitted). The party

4

attempting to enforce an unsigned agreement has the burden to show that the parties intended to be bound whether or not the contract was signed by both parties. *In re Bunzl USA, Inc.*, 155 S.W.3d 202, 210 (Tex. App.—El Paso 2004, mand. denied).

A court can decide intent as a matter of law. *Huckaba*, 892 F.3d at 689. "In construing a contract, a court must ascertain the true intentions of the parties as expressed in the writing itself." *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 333 (Tex. 2011). In identifying such intent, courts "must examine and consider the entire writing in an effort to harmonize and give effect to all the provisions of the contract so that none will be rendered meaningless." *Id.*

In *Huckaba*, the Fifth Circuit addressed whether an arbitration agreement between an employee and her employer was enforceable under Texas law where, as here, only the employee signed the agreement. 892 F.3d at 688. The court found that the express language of the arbitration agreement clearly indicated that the parties intended to be bound by the agreement only if both parties signed it. *Id.* at 689. While the Court acknowledged that "a signature block by itself is insufficient to establish the parties' intent to require signatures," it found there was "more than a blank signature block that speaks to the parties' intent." *Id.* at 689-90. The agreement also contained language that the parties needed to sign the agreement to give it effect. *Id.* at 690. It (1) identified the parties in the first line as "Employer" and "Employee" and stated that they were agreeing all claims and disputes arising out of plaintiff's employment; (2) stated that "by signing this agreement the parties are giving up any right they may have to sue each other;" and (3) stated that modifications would be allowed only if "in writing and signed by all parties." *Id.* at 689. The court found that "this express language clearly indicates an intent for the parties to be bound to the arbitration agreement by signing." *Id.*

24-50954.221

The court concluded that the question of the employer's intention was "answered by the agreement it drafted." *Id.* Because the agreement contained language that the parties needed to sign the agreement to give it effect, the Fifth Circuit gave "meaning to the words Ref-Chem used in its agreement. And because Ref-Chem did not sign the agreement, neither party [was] bound." *Id.* at 691; *see also Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 411 (5th Cir. 1996) ("If parties negotiating a contract intend that the contract shall be reduced to writing and signed by the parties . . . then either party may withdraw at any time before the written agreement is drawn up and signed by both parties."); *Graham v. Leisure Pools USA Trading, Inc.*, No. 1:23-CV-734-RP, 2024 WL 1473743, at *5 (W.D. Tex. Feb. 26, 2024) (relying on *Huckaba* to find that arbitration agreement signed only by employee was not enforceable), *R. & R. adopted*, 2024 WL 1471547 (W.D. Tex. Apr. 3, 2024).

**A. Arbitration Agreement**

The first two sentences of the Arbitration Agreement state: "This Arbitration Agreement . . . is entered into by and between the '**Club**' and '**Employee'** (the '**Parties**,' with each being a '**Party'**) to promote alternative dispute resolution of any and all disputes between the **Parties**. The '**Club**' and '**Employee**' are identified on the signature page of this **Agreement**." Dkt. 6-2 at 1. The Agreement discusses the arbitration process and waiver of rights to litigate in a court of law, and states that all non-administrative claims must be resolved in arbitration in accordance with the FAA. The final page of the agreement states:

> BY SIGNING THIS ARBITRATION AGREEMENT, EMPLOYEE AND THE CLUB'S REPRESENTATIVE REPRESENT THAT:
>
> - THEY HAVE FULLY READ THIS AGREEMENT PRIOR TO SIGNING IT;
>
> - THEY HAVE BEEN PROVIDED A COPY OF THIS AGREEMENT AND HAVE HAD OPPORTUNITIES TO BOTH ASK QUESTIONS REGARDING ITS CONTENT

> AND HAVE IT REVIDWED BY PERSONS OF THEIR CHOICE, INCLUDING BY ATTORNEYS AND ACCOUNTANTS, BEFORE THEY HAVE SIGNED IT; AND
>
> - THEY UNDERSTAND THE TERMS OF THIS AGREMENT AND AGREE TO BE BOUND BY THEM.

*Id.* at 5. Two signature blocks – one for the "**CLUB**" and one for the "**EMPLOYEE**" – follow this language. *Id.* Cadena signed her name in both places on February 27, 2020. *Id.* Palazio did not sign under "**CLUB**" block or anywhere else in the Arbitration Agreement. *Id.*

### B. Intent

Plaintiffs argue that Cadena did not intend to be bound by the Arbitration Agreement until Palazio also signed and agreed in writing to be bound by its terms. Cadena Dec., Dkt. 9-3 ¶¶ 3-6. Plaintiffs argue: "The express language of the Arbitration Agreement indicates an intention for Defendants to be bound by their signature just like in *Huckaba* and *Graham*." Dkt. 9 at 5. They emphasize that Defendants drafted the agreement "to include the sentence requiring signature by both parties to be bound by the terms and included a signature block for "Club . . . Benelux Corporation d/b/a The Palazio." *Id.* Plaintiffs also point out that Defendant Michael Mealey, Palazio's General Manager, describes in his declaration how Palazio's "typical practice is to countersign Arbitration Agreements on behalf of the Club," and that he countersigned the Arbitration Agreements for all other Plaintiffs. Dkt. 6-1, ¶ 6.

Defendants state that the "the lack of a signature on behalf of the Club was an unintentional mistake" by Mealey because he was "hurriedly reviewing numerous Arbitration Agreements signed by personnel that day." Mealey Decl., Dkt. 6-1 ¶ 10. They argue that a blank signature block alone does not establish that the Club's signature was required as a condition precedent to the Arbitration Agreement becoming effective as a contract, arguing that it "does not clearly and explicitly require signatures." *Id.* at 8.

24-50954.223

The Court disagrees and finds that here, as in *Huckaba*, there is "more than a blank signature block that speaks to the parties' intent." 892 F.3d at 690. The Arbitration Agreement contains clear and express language that the parties must sign the agreement to give it effect. *See* Dkt. 6-2 at 5 ("BY SIGNING THIS ARBITRATION AGREEMENT . . . THEY UNDERSTAND THE TERMS OF THIS AGREMENT AND AGREE TO BE BOUND BY THEM."). The question of Defendants' intent is answered by the agreement they drafted. *Huckaba*, 892 F.3d at 690.

Defendants also rely on several extra-contractual factors related to the parties' conduct to support their argument that the parties intended to be bound by the agreement without both signatures. Defendants point out that (1) Cadena signed the agreement and accepted its terms; (2) Cadena continued to work at Palazio for several years after signing the agreement; and (3) Defendants prepared the Arbitration Agreement, presented it to Cadena for her signature, accepted a signed copy, kept it in their records, and now seek to enforce it. Dkt. 6 at 11. In *Huckaba*, the Fifth Circuit founds these same arguments irrelevant to an intent to be bound under Texas law. 892 F.3d at 690-91. As in *Huckaba*, the Court gives meaning to the words Defendants used in their Arbitration Agreement. Because Defendants never signed the Arbitration Agreement, it was never executed and is not enforceable. *Id.*; *Graham*, 2024 WL 1473743, at *5.

The FAA "does not require parties to arbitrate when they have not agreed to do so." *Volt*, 489 U.S. at 478. Defendants have not shown that there was a valid and enforceable arbitration agreement between them and Cadena.[3]

---

[3] Defendants' request to dismiss the case is inappropriate in light of the Supreme Court's recent opinion that the FAA requires a court to stay, rather than dismiss, a lawsuit involving an arbitrable dispute. The Court reasoned that "staying rather than dismissing a suit [subject to arbitration] comports with the supervisory role that the FAA envisions for the courts," given that the "FAA provides mechanisms for courts with proper jurisdiction to assist parties in arbitration." *Smith v. Spizzirri*, 601 U.S. 478 (2024).

24-50954.224

## IV.    Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **DENY** Defendants' Partially Opposed Motion to Compel Arbitration and Dismiss Under Rule 12(b)(3) (Dkt. 6).

**IT IS FURTHER ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on September 30, 2024.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

24-50954.225

# TAB 5

EXHIBIT
A

# ARBITRATION AGREEMENT

This Arbitration Agreement ("**Agreement**") is entered into by and between the "**Club**" and "**Employee**" (the "**Parties**," with each being a "**Party**") to promote alternative dispute resolution of any and all disputes between the **Parties**. The "**Club**" and "**Employee**" are identified on the signature page of this **Agreement**.

## MUTUAL AGREEMENT TO ARBITRATE; WAIVER OF CLASS AND COLLECTIVE ACTIONS; AND ATTORNEYS' FEES AND COSTS

**NOTE**: PROCEEDINGS IN FEDERAL ADMINISTRATIVE AGENCIES, SUCH AS THE NATIONAL LABOR RELATIONS BOARD, THE DEPARTMENT OF LABOR, AND THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, AND IN CERTAIN STATE ADMINISTRATIVE AGENCIES, CANNOT BE COMPELLED INTO ARBITRATION AND ARE, THEREFORE, <u>NOT</u> GOVERNED OR BARRED BY THE PROVISIONS IN THIS AGREEMENT. EMPLOYEE MAY FILE ANY CLAIM HE/SHE WANTS WITH ANY ADMINISTRATIVE AGENCY REGARDLESS OF ANYTHING CONTAINED IN THIS AGREEMENT, ALTHOUGH IT MAY BE DETERMINED THAT A CLAIM MADE IN A STATE ADMINISTRATIVE AGENCY IS, NEVERTHELESS, SUBJECT TO ARBITRATION.

A. <u>DEFINITIONS</u>. AS USED IN THIS AGREEMENT:

- ANY CONTROVERSY, DISPUTE, OR CLAIM THAT MAY ARISE OUT OF, OR THAT MAY RELATE IN ANY WAY TO, THIS AGREEMENT, ITS TERMINATION, EMPLOYEE WORKING, OR BEING PRESENT, AT THE CLUB AT ANY TIME, OR THE TERMINATION OF HIS/HER RIGHT TO WORK AT THE CLUB, IS REFERRED TO COLLECTIVELY AS A "CLAIM" (OR "CLAIMS").

- THE PHRASE "NON-ADMINISTRATIVE CLAIMS" MEANS ANY SO DEFINED CLAIMS THAT ARE:

  i. NOT SUBJECT TO ADMINISTRATIVE AGENCY REVIEW; OR

  ii. SUBJECT TO ADMINISTRATIVE AGENCY REVIEW, BUT WHICH:

    a. COURTS OR AGENCIES HAVE DECIDED CAN NEVERTHELESS BE COMPELLED INTO ARBITRATION; OR

    b. AN ADMINISTRATIVE AGENCY DOES NOT FULLY RESOLVE AND ARE, THUS, PERMITTED TO PROCEED FOLLOWING THE CONCLUSION OF ADMINISTRATIVE AGENCY PROCEEDINGS (BY THE AGENCY ISSUING A "RIGHT TO SUE" LETTER OR SIMILAR DOCUMENT).

B. <u>THE ARBITRATION PROCESS</u>. IN ORDER TO RESOLVE NON-ADMINISTRATIVE CLAIMS, THE CLUB HAS ESTABLISHED A PRIVATE "ARBITRATION" PROCESS SET OUT IN THIS AGREEMENT. ARBITRATION IS SIMILAR TO A COURT PROCEEDING BUT IS LESS FORMAL, LESS TIME-CONSUMING, AND CAN BE LESS EXPENSIVE THAN GOING TO COURT. THROUGH ARBITRATION, THE NON-ADMINISTRATIVE CLAIMS WILL BE RESOLVED BY AN "ARBITRATOR" <u>RATHER THAN BY A COURT OR JURY</u>. THE ARBITRATOR IS USUALLY A LAWYER AND IS SOMETIMES A RETIRED JUDGE.

THIS IS THE ARBITRATION PROCESS THAT THE PARTIES AGREE TO USE:

i. <u>BINDING ARBITRATION</u>. ANY AND ALL NON-ADMINISTRATIVE CLAIMS SHALL BE RESOLVED EXCLUSIVELY BY <u>BINDING ARBITRATION</u> IN ACCORDANCE WITH THE FEDERAL ARBITRATION ACT (THE "F.A.A."). THIS REQUIREMENT TO ARBITRATE ANY AND ALL NON-ADMINISTRATIVE CLAIMS APPLIES REGARDLESS OF:

24-30954.79

BENELUX_000001

- **WHETHER SUCH A CLAIM IS BASED UPON CONTRACT, TORT, COMMON LAW, EQUITY, CONSTITUTIONAL PROVISION, STATUTE, REGULATION, ORDINANCE, OR OTHERWISE; AND**

- **WHETHER A CLAIM BY ONE PARTY IS ONLY AGAINST THE OTHER PARTY TO THIS AGREEMENT OR IS ALSO, OR IS ALTERNATIVELY, AGAINST ANY OTHER PERSONS OR ENTITIES ASSOCIATED, OR ALLEGED TO BE ASSOCIATED, IN ANY WAY, WITH THE OTHER PARTY, INCLUDING BUT NOT LIMITED TO THE OTHER PARTY'S PREDECESSORS IN INTEREST, SUCCESSORS IN INTEREST, AND HEIRS, AS WELL AS ALL PAST, PRESENT, AND FUTURE OWNERS (INCLUDING SHAREHOLDERS, MEMBERS, AND PARTNERS – BOTH GENERAL AND LIMITED), OFFICERS, DIRECTORS, MANAGERS, EMPLOYEES, CONSULTANTS, LANDLORDS, LICENSORS, AGENTS, LEGAL REPRESENTATIVES, EXECUTORS, ADMINISTRATORS, AND ASSIGNEES. EACH SUCH INDIVIDUAL AND ENTITY SHALL ALSO BE CONSIDERED TO BE A "PARTY" FOR PURPOSES OF, AND AN INTENDED THIRD-PARTY BENEFICIARY TO, THE PROVISIONS OF THIS AGREEMENT.**

**THE ARBITRATION PROCEEDING SHALL OCCUR IN THE STATE OF TEXAS, AND SHALL BE ADMINISTERED BY AN INDEPENDENT NEUTRAL ARBITRATOR AGREED UPON BY THE PARTIES, WHO SHALL BE PERMITTED TO AWARD -- SUBJECT ONLY TO THE RESTRICTIONS CONTAINED IN THIS AGREEMENT -- ANY RELIEF AVAILABLE IN A COURT.**

**A PARTY INITIATES ARBITRATION BY FILING A DEMAND FOR ARBITRATION IN ACCORDANCE WITH THE RULES AND PROCEDURES SET BY THE ARBITRATOR OR ARBITRATION SERVICE PROVIDER SELECTED BY THE PARTIES, OR BY PETITIONING A COURT OF COMPETENT JURISDICTION FOR THE APPOINTMENT OF AN ARBITRATOR IF THE PARTIES ARE UNABLE TO AGREE UPON AN ARBITRATOR. NO DEMAND FOR ARBITRATION MAY BE FILED AFTER THE DATE WHEN THE COMMENCEMENT OF LEGAL OR EQUITABLE PROCEEDINGS BASED UPON SUCH A CLAIM WOULD BE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.**

<u>**THE PARTIES WAIVE THE RIGHT TO LITIGATE ALL NON-ADMINISTRATIVE CLAIMS IN A COURT OF LAW, AND WAIVE THE RIGHT TO TRIAL BY JURY.**</u> **THESE WAIVERS APPLY TO ALL CONSTITUTIONAL AND STATUTORY CLAIMS OF EVERY CONCEIVABLE KIND OR NATURE WHATSOEVER (EXCEPT, AGAIN, TO CERTAIN CLAIMS IN ADMINISTRATIVE AGENCIES WHICH, AS REFERENCED IN THE "<u>NOTE</u>" ABOVE, ARE <u>NOT</u> GOVERNED BY THIS AGREEMENT), INCLUDING BUT NOT LIMITED TO CLAIMS THAT SEEK WAGES AND/OR OTHER EMPLOYMENT BENEFITS, OR THAT ALLEGE HARASSMENT, DISCRIMINATION, OR THE UNLAWFUL PROVIDING OF ALCOHOL ("DRAM SHOP" LIABILITY).**

**SUBJECT ONLY TO THE TERMS OF THE F.A.A. AND THIS AGREEMENT, THE ARBITRATOR SHALL HAVE EXCLUSIVE AUTHORITY TO RESOLVE ANY AND ALL DISPUTES OVER THE FORMATION, VALIDITY, INTERPRETATION, SCOPE, AND/OR ENFORCEABILITY OF ANY PART OF THIS AGREEMENT, AS WELL AS THE ALLOCATION OF ARBITRATION COSTS (DEFINED BELOW).**

**THE PROCEEDINGS SHALL BE CONDUCTED IN ACCORDANCE WITH THAT LEVEL OF DUE PROCESS REQUIRED FOR ARBITRATIONS, AND THE ARBITRATOR SHALL DETERMINE THE RULES GOVERNING HOW THE ARBITRATION SHALL PROCEED; WHICH SHALL NOT VIOLATE THE F.A.A. OR THE PROVISIONS OF THIS AGREEMENT. <u>THE ARBITRATOR'S DECISION (TO BE IN WRITING) SHALL BE FINAL, SUBJECT ONLY TO REVIEW UNDER THE F.A.A. OR AS PROVIDED FOR IN THIS AGREEMENT.</u> ANY AWARD BY THE ARBITRATOR MAY BE ENTERED AS A JUDGMENT IN ANY COURT HAVING JURISDICTION.**

**UNLESS PROHIBITED BY LAW, ALL PROCEEDINGS IN ARBITRATION SHALL BE MAINTAINED AS CONFIDENTIAL, AND AT THE CONCLUSION OF THE PROCEEDING ANY DISCOVERY MATERIALS PRODUCED BY ANY PARTY SHALL BE DESTROYED. ANY PARTY MAY PETITION THE ARBITRATOR TO ENTER A CONFIDENTIALITY ORDER CONSISTENT WITH THIS PROVISION, WHO SHALL ENTER SUCH AN ORDER IF LEGALLY PERMISSIBLE.**

ii. <u>INDIVIDUALIZED ARBITRATION ONLY; WAIVER OF CLASS, COLLECTIVE, AND REPRESENTATIVE CLAIMS.</u> **THE CLUB AND EMPLOYEE AGREE THAT:**

2.27.20

BENELUX_000002

- ANY AND ALL NON-ADMINISTRATIVE CLAIMS THAT THEY MAY HAVE AGAINST THE OTHER (AND/OR AGAINST ANY PERSONS OR ENTITIES ASSOCIATED WITH THE OTHER) SHALL BE BROUGHT AND MAINTAINED INDIVIDUALLY BY THAT PARTY IN ARBITRATION;

- THEY WILL NOT CONSOLIDATE THEIR NON-ADMINISTRATIVE CLAIMS WITH THOSE OF ANY OTHER PERSON OR ENTITY;

- THEY WILL NOT SEEK CLASS, COLLECTIVE, OR REPRESENTATIVE ACTION TREATMENT FOR ANY NON-ADMINISTRATIVE CLAIMS; AND

- THEY WILL NOT PARTICIPATE, IN ORDER TO RESOLVE ANY NON-ADMINISTRATIVE CLAIMS, IN ANY CLASS, COLLECTIVE, OR REPRESENTATIVE ACTION AGAINST THE OTHER (AND/OR AGAINST PERSONS OR ENTITIES ASSOCIATED WITH THE OTHER).

ACCORDINGLY, THE ARBITRATOR SHALL NOT CONSOLIDATE THE CLAIMS OF MORE THAN ONE PERSON OR ENTITY, AND MAY NOT PRESIDE OVER ANY FORM OF REPRESENTATIVE, CLASS, OR COLLECTIVE PROCEEDINGS. IN THE EVENT AN ACTION IS BROUGHT IN ARBITRATION ON BEHALF OF MULTIPLE INDIVIDUALS AND/OR ENTITIES, THE ARBITRATOR SHALL HAVE ONLY THE AUTHORITY TO DIVIDE THE ACTION INTO INDIVIDUAL PROCEEDINGS; EACH THEN TO BE HEARD BY AN INDIVIDUAL ARBITRATOR.

SHOULD AN ARBITRATOR RULE ON WHETHER A MATTER MAY PROCEED AS A REPRESENTATIVE, CLASS OR COLLECTIVE ARBITRATION (A "SCOPE OF ARBITRATION RULING"), THE ARBITRATOR SHALL IMMEDIATELY STAY ALL PROCEEDINGS FOR A PERIOD OF THIRTY (30) DAYS FOLLOWING SUCH A RULING TO PERMIT ANY PARTY TO MOVE A COURT OF COMPETENT JURISDICTION TO CONFIRM OR VACATE THE SCOPE OF ARBITRATION RULING BY DETERMINING WHETHER THE SCOPE OF ARBITRATION RULING IS IN ACCORDANCE WITH APPLICABLE LAW AND THE TERMS OF THIS SUBPARAGRAPH B(ii). IF AT THE END OF SUCH 30 DAY PERIOD NO PARTY HAS MOVED FOR JUDICIAL REVIEW, THE ARBITRATOR SHALL PROCEED WITH THE ARBITRATION. HOWEVER, IF ANY PARTY HAS SOUGHT JUDICIAL REVIEW DURING THAT PERIOD, THE ARBITRATION SHALL BE STAYED UNTIL THE RULING OF THE COURT AND THE CONCLUSION OF ANY AND ALL APPEALS FROM SUCH RULING.

IN THE EVENT THAT ANY PARTY IS MADE, AT ANY TIME, A MEMBER OF A CLASS IN ANY PROCEEDING BARRED BY THE PROVISIONS OF THIS SUBPARAGRAPH B(ii), THE PARTY AGREES TO "OPT OUT" AT THE FIRST OPPORTUNITY.

iii.    COSTS AND ATTORNEYS' FEES IN ARBITRATION. THE PARTIES SHALL BE ACCOUNTABLE FOR COSTS AND ATTORNEYS' FEES IN THE ARBITRATION PROCEEDING AS FOLLOWS:

a.    EACH PARTY SHALL INITIALLY BE RESPONSIBLE FOR HIS/HER/ITS OWN ATTORNEYS' FEES AND OUT-OF-POCKET COSTS ASSOCIATED WITH THE ARBITRATION PROCEEDING. AFTER THE INITIATION OF THE ARBITRATION PROCEEDING THE ARBITRATOR SHALL DETERMINE THE ALLOCATION OF "ARBITRATION COSTS" (THE ARBITRATOR'S FEE AND RELATED EXPENSES) BETWEEN OR AMONGST THE PARTIES. THOSE COSTS SHALL BE ALLOCATED EQUALLY BETWEEN THE EMPLOYEE AND THE OTHER PARTY (OR PARTIES) UNLESS SUCH AN ALLOCATION WOULD BE UNENFORCEABLE UNDER APPLICABLE LAW. IN THE LATTER EVENT, THE ARBITRATOR SHALL ALLOCATE ARBITRATION COSTS AS EQUALLY AS THE LAW PERMITS. THE CLUB (OR OTHER NON-EMPLOYEE PARTY OR PARTIES) SHALL PAY ANY DEPOSIT OR RETAINER NECESSARY TO SECURE A DECISION ON THE ALLOCATION OF ARBITRATION COSTS. THE ALLOCATION DECIDED UPON BY THE ARBITRATOR SHALL ALSO APPLY TO ALLOCATING THOSE ARBITRATION COSTS THAT WERE INCURRED IN OBTAINING THE ALLOCATION DECISION.

b.    ANY RULING, ORDER, OR JUDGMENT ARISING OUT OF A CLAIM BETWEEN OR AMONGST THE PARTIES SHALL, TO THE EXTENT NOT PRECLUDED BY APPLICABLE LAW, AWARD COSTS INCURRED FOR THE PROCEEDINGS AND REASONABLE ATTORNEYS' FEES TO THE PREVAILING PARTY (ALTHOUGH NO SUCH AWARD MAY BE ENTERED AGAINST THE EMPLOYEE RELATED TO ANY CLAIMS HE/SHE HAD BROUGHT THAT SOUGHT WAGES OR

BENELUX_000003

OTHER EMPLOYMENT BENEFITS). SUCH AN AWARD MAY INCLUDE, IF NOT PROHIBITED BY LAW, THE ARBITRATION COSTS THAT WERE INITIALLY ALLOCATED TO THAT PARTY BY THE ARBITRATOR UNDER SUBPARAGRAPH B(iii)(a) IMMEDIATELY ABOVE, BUT MAY NOT INCLUDE ANY ATTORNEYS' FEES, COSTS, OR ARBITRATION COSTS PREVIOUSLY AWARDED AGAINST THAT PARTY UNDER PARAGRAPH C IMMEDIATELY BELOW.

C.  <u>CHALLENGING ARBITRATION; RELATED ATTORNEYS' FEES AND COSTS</u>. IN THE EVENT THAT ANY PARTY CHALLENGES, OR IS REQUIRED TO INITIATE PROCEEDINGS TO ENFORCE, THE ARBITRATION REQUIREMENTS OF THIS AGREEMENT, THE PREVAILING PARTY TO SUCH CHALLENGES/ENFORCEMENT PROCEEDINGS SHALL BE ENTITLED TO AN AWARD OF ALL COSTS, INCLUDING REASONABLE ATTORNEYS' FEES AND ANY ARBITRATION COSTS, INCURRED IN LITIGATING SUCH ISSUES. A PARTY WHO OBTAINS A STAY OF PROCEEDINGS, OR A DISMISSAL OF AN ACTION, IN COURT, IS CONSIDERED TO BE A PREVAILING PARTY TO SUCH CHALLENGES/ENFORCEMENT PROCEEDINGS EVEN IF THERE ARE CHALLENGES TO THE ARBITRATION PROVISIONS OF THIS AGREEMENT THAT REMAIN TO BE DECIDED BY THE ARBITRATOR.

IN ADDITION, IF A PARTY CHALLENGES, OPPOSES, OR FAILS TO CONSENT TO, THE ENFORCEABILITY OF THE MANDATORY ARBITRATION REQUIREMENTS CONTAINED IN THIS AGREEMENT, ANY PARTY THAT PREVAILS IN OBTAINING ENFORCEMENT OF THESE ARBITRATION PROVISIONS SHALL BE ENTITLED TO AN AWARD OF ALL COSTS, INCLUDING REASONABLE ATTORNEYS' FEES, INCURRED IN LITIGATING ANY OTHER MATTERS IN A COURT OF LAW THAT WOULD NOT HAVE BEEN NECESSARY HAD THE CLAIM(S) INITIALLY BEEN BROUGHT IN ARBITRATION UNDER THE TERMS OF THIS AGREEMENT.

D.  <u>EMERGENCY RELIEF</u>. IF A PARTY SEEKS EMERGENCY RELIEF TO PREVENT OR ABATE ALLEGED IRREPARABLE HARM BUT THE PARTIES ARE UNABLE TO AGREE TO AN ARBITRATOR WITHIN THREE (3) BUSINESS DAYS, THE PARTIES SHALL JOINTLY PETITION A COURT OF COMPETENT JURISDICTION FOR APPOINTMENT OF A NEUTRAL ARBITRATOR TO PRESIDE OVER THE REQUEST FOR EMERGENCY RELIEF.

E.  <u>CONTINUATION OF ARBITRATION REQUIREMENTS</u>. ALL PORTIONS OF THIS AGREEMENT SURVIVE TERMINATION OR CESSATION OF EMPLOYEE'S EMPLOYMENT WITH THE CLUB.

F.  <u>SUPERSEDING EFFECT OF THIS AGREEMENT</u>. THE ARBITRATION PROVISIONS OF THIS AGREEMENT SUPERSEDE ANY PRIOR ARBITRATION AGREEMENT(S) ENTERED INTO BETWEEN THE CLUB AND THE EMPLOYEE.

(REMAINDER OF PAGE INTENTIONALLY LEFT BLANK)

Page 4 of 5 (Texas.Arb.Agreement.Rev.01.02.2020) © 2019.Shaf.&Assoc.P.C.    Date _2-27-20_    Initials _BL_

BY SIGNING THIS ARBITRATION AGREEMENT, EMPLOYEE AND THE CLUB'S REPRESENTATIVE REPRESENT THAT:

- **THEY HAVE FULLY READ THIS AGREEMENT PRIOR TO SIGNING IT;**

- **THEY HAVE BEEN PROVIDED A COPY OF THIS AGREEMENT AND HAVE HAD OPPORTUNITIES TO BOTH ASK QUESTIONS REGARDING ITS CONTENT AND HAVE IT REVIEWED BY PERSONS OF THEIR CHOICE, INCLUDING BY ATTORNEYS AND ACCOUNTANTS, BEFORE THEY HAVE SIGNED IT; AND**

- **THEY UNDERSTAND THE TERMS OF THIS AGREEMENT AND AGREE TO BE BOUND BY THEM.**

"CLUB"

    Benelux Corporation
    d/b/a The Palazio

By: _____
       (Signature)

_____
      (Printed Name)

Its: Waitress
_____
      (Position)

Dated: 2-27.20

"EMPLOYEE"

_____
      (Signature)

_____
      (Printed Name)

_____
      (Stage Name)

14606
_____
      (Street Address)

Austin    TX    78725
_____
      (City, State, Zip Code)

_____
(Employee's License/Permit Number – If Applicable)

_____
      (Employee's I.D. Number)

Dated: 2-27-20

24-50954.83
BENELUX_000005

# TAB 6

**CERTIFICATE OF SERVICE**

I certify that on July 1, 2025, the foregoing Appellants' Record Excerpts was filed and served via the Court's CM/ECF filing system upon the following counsel of record for Appellee Belen Cadena:

Ryan Estes
Caitlin Boehne
Kaplan Law Firm
2901 Bee Cave Road, Suite G
Austin, Texas (512) 814-7348
restes@kaplanlawatx.com
cboehne@kaplanlawatx.com
**Counsel for Appellee Belen Cadena**

<u>*/s/ William X. King*</u>
William X. King